# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### NORTHEASTERN DIVISION

| | |
|---|---|
| **JOYCE WINKLES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CV No.:_____ |
| v. ) | |
| ) | |
| **BOOZ ALLEN HAMILTON, INC.,** ) | |
| ) | |
| **Defendant.** ) | |

## COMPLAINT

**COMES NOW,** the Plaintiff, Joyce Winkles, and files this Complaint for discrimination based on age in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"), and the Alabama Age Discrimination in Employment Act, Ala. Code §25-1-20 *et seq.* ("AADEA") against Defendant Booz Allen Hamilton, Inc. As grounds for her Complaint, Plaintiff shows this Court the following:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this cause of action pursuant to 28 U.S.C. §§ 1331 and 1343, and 29 U.S.C. § 621 *et seq.*

2. Plaintiff has fulfilled all conditions precedent to the brining of this action under the ADEA. Plaintiff filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on September 13,

2019. (EEOC Complaint attached as Exhibit 1). Plaintiff was issued a Notice of Right to Sue from the EEOC on March 10, 2020 (Notice of Right to Sue attached as Exhibit 2), and timely files this lawsuit within 90 days of receipt of said notice.

3. The Defendant Booz Allen Hamilton, Inc., is located and/or doing business within this judicial district and division. This action is brought within the judicial district wherein the unlawful employment practices were committed, making venue proper under 28 U.S.C. § 1391(b).

4. Jurisdiction over Plaintiff's claims under Alabama law is based on the doctrine of pendent and supplemental jurisdiction.

## PARTIES

5. Plaintiff is a sixty-five-year-old (65) female, who is a citizen of the United States and a resident of the state of Tennessee. At all times material to this lawsuit, Plaintiff was over the age of nineteen (19) and employed by Defendant in this judicial district.

6. Defendant Booz Allen Hamilton, Inc. is a foreign corporation incorporated in Delaware. Defendant regularly conducts business and employs workers within this judicial district and division. At all times material to this action, Defendant employed Plaintiff. Defendant is an entity subject to suit under the ADEA and the AADEA. Upon information and belief, Defendant collectively employs 500 or more individuals.

## **FACTS**

7. Booz Allen Hamilton, Inc. provides management and technology, consulting, and engineering services to U.S. and international governments, as well as, private sector clients.

8. In or around February 2008, Plaintiff was hired by Defendant.

9. Since hire, plaintiff has been continuously and exclusively employed by Defendant at its facility in Huntsville, Alabama. Plaintiff was ultimately promoted to the position of Lead Associate.

10. As of August 2019, plaintiff was working as a lead associate in defendant's finance organization. Plaintiff was assigned to the Global Defense Group.

11. On August 1, 2019, Plaintiff was terminated by Defendant. The termination was effective on August 30, 2019.

12. As a pretext for plaintiff's termination, defendant told plaintiff that a lack of work and/or reduction in force due to a departmental reorganization was the cause of her termination.

13. At the time of her termination, plaintiff maintains that her position as lead associate was fully funded by billable contractual hours and that she did not lack work.

14. Prior to August 30, 2019, on several occasions Booz Allen employees, including, but not limited to, Tim Goosman, Bob Smith, Eric Martinez, Tom Albro, Phil Wills, Rose Allen, Matthew Hawes, and Randy Coltrin, Sr. inferred that plaintiff should retire.

15. As of August 1, 2019, there were a number of open and available positions with Booz Allen Hamilton, Inc. Plaintiff was qualified to work in these positions.

16. Plaintiff submitted a number of applications for open positions with Defendant for which she was qualified.

17. Defendant did not attempt to place plaintiff in an available position for which she was qualified.

18. Subsequent to plaintiff's termination, the Defendant has hired a significant number of employees that are performing the same job that Plaintiff performed. The plaintiff was not recalled for hire.

19. Defendant's true reason for terminating plaintiff, under a guise of a reduction in force, was to terminate plaintiff on the basis of her age.

20. Defendant has engaged in a pattern and practice of terminating, laying off, and furloughing older senior associates while promoting younger persons to positions. Defendant's rationale for engaging in this conduct is economy and savings of payroll expense.

## COUNT ONE – AGE DISCRIMINATION

21. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

22. Plaintiff is protected from unlawful age discrimination practices pursuant to the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq*.

23. This is a claim to redress the unlawful employment practices of age discrimination conducted by defendant's agents and employees and ratified by the defendant.

24. Plaintiff is over the age of sixty (60) and a member of a protected group.

25. Plaintiff was qualified to do the job duties of lead associate, having performed these job duties for over ten years.

26. Plaintiff suffered an adverse employment action –termination.

27. Plaintiff was unlawfully terminated on the basis of her age.

28. Plaintiff was qualified to assume other open and available positions with Booz Allen Hamilton, Inc. at the time of her termination.

29. Defendant's articulated reasons for the termination is mere pretense.

30. Defendant Booz Allen Hamilton, Inc. discriminated against Plaintiff on the basis of her age in violation of the ADEA.

31. Plaintiff has been subjected to adverse conditions of employment, and to disparate employment practices.

32. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant Booz Allen Hamilton, Inc. for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

## COUNT TWO – STATE LAW AGE DISCRIMINATION

33. Plaintiff incorporates the previously numbered paragraphs as if fully set out herein.

34. Plaintiff is protected from unlawful age discrimination practices pursuant to the Alabama Age Discrimination in Employment Act, Ala. Code §25-1-20 *et seq*.

35. This is a claim to redress the unlawful employment practices of age discrimination conducted by defendant's agents and employees and ratified by the defendant.

36. Plaintiff is over the age of sixty (60) and a member of a protected group.

37. Plaintiff was qualified to do the job duties of lead associate, having performed these job duties for over ten years.

38. Plaintiff suffered an adverse employment action – termination.

39. Plaintiff was unlawfully terminated on the basis of her age.

40. Plaintiff was qualified to assume other open and available positions with Booz Allen Hamilton, Inc. at the time of her termination.

41. Defendant's articulated reasons for the termination is mere pretense.

42. Defendant Booz Allen Hamilton, Inc. discriminated against Plaintiff on the basis of her age in violation of the ADEA.

43. Plaintiff has been subjected to adverse conditions of employment, and to disparate employment practices.

44. Defendant's actions directly and proximately caused the Plaintiff to suffer damages in an amount to be determined by a struck jury.

WHEREFORE, Plaintiff demands judgment against Defendant Booz Allen Hamilton, Inc. for all nominal damages, compensatory damages, attorney's fees, costs, expenses, and punitive damages permitted by law in an amount to be determined by a struck jury, and such other additional relief as the Court deems equitable and appropriate.

Respectfully submitted,

Jay E. Emerson, Jr.
Attorney for the Plaintiff

Higgs & Emerson
405 Franklin St.
Huntsville, AL 35801
(256)533-3251(phone)
(256)533-3265(fax)
higgs@higgsandemerson.com

**PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.**

OF COUNSEL

**Copy Served Upon:**

Booz Allen Hamilton, Inc.
c/o CT Corporation System
2 North Jackson Street
Suite 605
Montgomery, AL 36104

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 420-2019-03617 |
| | State or local Agency, if any | and EEOC |

**Name** (Indicate Mr., Ms., Mrs.): Joyce Winkles
**Home Phone** (Incl. Area Code): 931-363-____
**Date of Birth**: ____

**Street Address**: ____
**City, State and ZIP Code**: ____

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

**Name**: Booz Allen Hamilton
**No. Employees, Members**: Unk
**Phone No.** (Incl. Area Code): 703-902-5000
**Street Address**: 8283 Greensboro Drive, McLean, VA 22102

**DISCRIMINATION BASED ON** (Check appropriate box(es)):
☐ RACE   ☐ COLOR   ☐ SEX   ☐ RELIGION   ☐ NATIONAL ORIGIN
☐ RETALIATION   ☒ AGE   ☐ DISABILITY   ☐ GENETIC INFORMATION
☐ OTHER (Specify)

**DATE(S) DISCRIMINATION TOOK PLACE**
Earliest: ____   Latest: 08/30/2019
☐ CONTINUING ACTION

**THE PARTICULARS ARE** (If additional paper is needed, attach extra sheet(s)):

Please see attached Sworn Statement of Joyce Winkles

RECEIVED
SEP 13 2019
U.S. EEOC
Birmingham District Office

EXHIBIT 1

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date: 9/10/19
Charging Party Signature: Joyce Winkles

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
9/10/2019

STATE OF ALABAMA
MADISON COUNTY

Before me personally appeared Joyce Winkles, who after being duly sworn did depose and say as follows:

My name is Joyce Winkles and I was hired by Booz Allen Hamilton, Inc. on or about February 8, 2008. I rose to the position of Lead Associate and have been a well-qualified, highly performing, highly paid employee for many years. At the time of my separation, I was earning in excess of $134,000.00 when combining my income with benefits.

I was terminated from my position on or about August 30, 2019 and I believe I was terminated due to and on account of my age.

Prior to my separation, on many occasions I was asked when I was going to retire. In addition, I believe the Company has engaged in a pattern and practice of removing senior employees for younger less expensive employees.

At the time of my separation, the Company made conflicting statements as to the basis for my separation. The Company maintained there was a lack of work and/or my separation was due to a restructuring.

I believe the stated reasons given by the Company are pretext.

At the time of my termination, my position was fully funded. That means that my time was paid for by 100% billable contractual hours. There was no rational basis to suggest or imply that my separation would be due to lack of work.

In addition, I am not aware of any significant restructuring done by the Company.

Moreover, I believe there were significant opportunities available within the organization, however, I was not considered for the many opportunities within the company.

It is my belief that the Company terminated me due to and on account of my age. As a result, I am seeking to recover all damages allowed by law, including lost wages, damages for emotional distress, a reasonable attorney's fee and such other, further and different relief as the Court might deem appropriate.

*Joyce Winkles*
JOYCE WINKLES

STATE OF ALABAMA
COUNTY OF MADISON

Before me, the undersigned Notary Public in and for said County and State,

personally appeared Joyce Winkles, whose name is signed to the foregoing and who is known to me, who acknowledged before me that she executed the same voluntarily on the day the same bears date.

SWORN TO AND SUBSCRIBED to before me this _12_ day of _Sept_, 2019.

_____
Notary Public

2

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Joyce Winkle | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street<br>Birmingham, AL 35205 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420-2019-03617 | DEBRA N. POWELL,<br>Investigator | (205) 212-2085 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

**BRADLEY A. ANDERSON,**
**District Director**

MAR 1 0 2020

Enclosures(s)

**EXHIBIT 2**

cc:  **BOOZ ALLEN HAMILTON**
c/o Ryan M. Miller, Attorney
Booz Allen Hamilton Inc.
8283 Greensboro Drive
Mclean, VA 22102-3830

**HIGGS & EMERSON**
c/o Jay E. Emerson, Jr., Attorney
405 Franklin Street
Huntsville, AL 35801

Enclosure with EEOC
Form 161 (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS**  --  **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS**  --  **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – not 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION**  --  **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE**  --  **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*